Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Suite 22A
Henderson, Nevada 89074
Office:(702) 901-7553; Fax: (702) 974-1297

Jonathan Gross, *(pro hac vice)*
MD Bar ID: 1912170138
jon@clevengerfirm.com
THE CLEVENGER FIRM
2833 Smith Ave, Suite 331
Baltimore, MD 21208
(443) 813-0141
Attorneys for Plaintiff, Alexander Stein

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| ALEXANDER STEIN,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS, a municipal corporation; CAROLYN G. GOODMAN; MICHELE FIORE; and DOES I-XX; inclusive,<br><br>  Defendants. | Case No.:   2:23-cv-00355-JCM-BNW<br><br>~~PLAINTIFF'S DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL RULE 7.1-1~~<br>**JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |
|---|---|

Plaintiff, Alexander Stein, ("Plaintiff") and Defendant, City of Las Vegas, Carolyn G. Goodman, and Michele Fiore et al (hereinafter "Defendants") by and through their respective counsel, hereby submit to the Court the following Joint Proposed Discovery Plan and Scheduling Order ("DPSO") pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

### I. Procedural History

Plaintiff filed a Complaint on March 7, 2023, in the United States District Court, District of Nevada against Defendants (ECF No. 1).  Plaintiff filed a First Amended Complaint on April 24, 2023 (ECF No. 7).  Defendant waived service and answered the Complaint on June 20, 2023 (ECF No. 8).

## II. Fed. R. Civ. P. 26 Meeting

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Court 26-1(d), on **August 1, 2023**, Counsel for Plaintiff, Jonathan Gross, Esq. and counsel for Defendant, John Curtas participated in a Rule 26(f) Conference.

## III. Initial Disclosures

The parties will exchange their respective Initial Disclosures on or before **Monday, August 14, 2023.**

## IV. The Subjects on Which Discovery Will Be Conducted

The parties agree that discovery will be needed on the Plaintiff's claims and causes of action, damages, including any economic, compensatory, and emotional distress damages, as well as the Defendant's denials of factual allegations and defenses to the same consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.

## V. Issues Related to The Disclosure or Discovery Of Electronically Stored Information

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. At this time, the parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced as a readable image (*e.g.*, .pdf or .tiff) file, while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been

withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

## VI. Discovery Disputes

The parties agree to forego the optional requirement of a court conference under Fed. R. Civ. P. 16(b)(3)(v).

## VII. Limits On Discovery

At this time, except as explicitly stated herein, the parties agree that discovery will be conducted with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court without limitation or modification of the same.

## VIII. Alternative Dispute Resolution

The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes. This is not an "employment-discrimination action" subject to the mandatory early neutral evaluation requirements of LR 16-6.

## IX. Alternative Forms of Case Disposition

The parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

## X. Discovery Plan

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. The parties propose to the Court the following cut-off dates:

a.  **Discovery Cut-off Date:**  The discovery cut-off deadline shall be **Monday, December 18, 2023,** 181 days after Defendants filed their answer on June 20, 2023 (ECF No. 8).

//

b. **Amending the Pleadings and Adding Parties:** The deadline to amend pleadings or add parties shall be **Tuesday, September 19, 2023,** ninety (90) days prior to the discovery cut-off date of December 18, 2023, in accordance with LR 26-1(b)(2).

c. **Expert Disclosures:** The expert disclosure deadline shall be **Thursday, October 19, 2023,** sixty (60) days prior to the discovery cut-off date of December 18, 2023, in accordance with LR 26-1(b)(3). Rebuttal expert disclosures shall be made by **Monday, November 20, 2023,** thirty (32) days after the initial disclosure of expert's deadline (30th day is a weekend), in accordance with LR 26-1(b)(3). The parties shall have until the discovery cut-off date to take the depositions of the experts. Expert discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rules 26-1(b)(3).

d. **Dispositive Motions:** Dispositive motions shall be filed by **Wednesday, January 17, 2024,** thirty (30) days after the discovery cut-off date of December 18, 2023, in accordance with LR 26-1(b)(4).

e. **Motions in Limine/*Daubert* Motions:** Pursuant to LR 16-3(b), and unless the District Judge issues an Order with a different deadline or briefing schedule, any motions in limine, including *Daubert* type motions, shall be filed and served thirty (30) days prior to trial unless the District Judge issues an order with a different deadline or briefing schedule. Oppositions shall be filed and served, and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will only be allowed with leave of court.

f. **Pretrial Order:** The Pretrial Order shall be filed not later than **Friday, February 16, 2024**, thirty (30) days after the deadline for filing dispositive motions date of January 17, 2024, in accordance with LR 26-1(b)(5). In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

g. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(b)(6).

h. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within 21 days of the subject deadline will be supported by a showing of good cause. Any stipulation or motion will comply fully with LR 26-4.

**IT IS SO STIPULATED.**

DATED this 1st Day of August 2023.

WATKINS & LETOFSKY, LLP.

/s/ Daniel R. Watkins
_____
Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Attorneys for Plaintiff

DATED this 1st Day of August 2023.

CITY ATTORNEY'S OFFICE

/s/ John A. Curtas
_____
John A. Curtas, Esq.
Nevada State Bar No. 1841
jacurtas@lasvegasnevada.gov
Attorney for Defendants

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

August 2, 2023
_____
DATE