UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEXANDER STEIN,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS, et al.,<br><br>                Defendants. | Case No. 2:23-cv-00355-JCM-BNW<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is Plaintiff's Motion for Leave to Amend its Complaint, filed January 4, 2024. ECF No. 11. Defendants responded (ECF No. 12) on January 11, 2024, and Plaintiff replied (ECF No. 14) on January 15, 2024.

The parties are familiar with the arguments. As a result, the Court includes them here as relevant to its Order. Given Plaintiff has failed to show good cause under Federal Rule Civil Procedure 16(b), the Court recommends that the motion to amend be denied.

**I.   ANALYSIS**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, Plaintiff seeks leave to amend his First Amended Complaint so that the title of Count II sets forth a claim under the Fourteenth Amendment claim (instead of a claim under the Fifth Amendment, which is how it currently reads). The deadline to file a Second Amended Complaint was September 19, 2023. ECF No. 10. As stated above, the instant motion was filed on January 4, 2024. Plaintiff's motion does not address the requirements that must be met under Federal Rule of Civil Procedure 16(b) when the deadline for amending the complaint has passed. Indeed, even after Defendants raised the issue in their opposition, Plaintiff fails to argue why good cause exists to allow the late amendment. Given no good cause has been provided under Rule 16(b), the Court recommends that the motion be denied.

//
//
//
//
//

**CONCLUSION AND RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Leave to Amend his Complaint (ECF No. 11) be DENIED.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 13, 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE