UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXANDER STEIN, | Case No.2:23-CV-355 JCM (BNW) |
| Plaintiff(s), | |
| v. | ORDER |
| CITY OF LAS VEGAS, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Brenda Weksler's report and recommendation (ECF No. 21) to deny plaintiff Alexander Stein ("Stein")'s motion for leave to amend his complaint (ECF No. 11). Plaintiff filed an objection to the report (ECF No. 22), to which defendants City of Las Vegas, Carolyn Goodman ("Mayor Goodman"), and Michele Fiore ("Fiore") (collectively, "defendants") responded (ECF No. 25).

**I.     Background**

This case arises from a disruption at a Las Vegas City Council meeting. Stein, a Texas resident, traveled to Las Vegas and attended a City Council meeting on August 17, 2022. (ECF No. 7 at 3). The complaint provides that Stein frequently speaks at municipal meetings and is known for using "humor to bring attention to serious social and political issues." (*Id.*).

Stein alleges that he planned to bring attention to the exploitative practices of Las Vegas casinos and that he incorporated a humorous anecdote while speaking to City Council members. (*Id.* at 4). Before Stein's allotted time had expired, Mayor Goodman interrupted Stein, whose

microphone was subsequently cut off. (*Id.*). Fiore then ordered the marshals to remove Stein from chambers. (*Id.*).

According to Stein, Fiore violated City Council procedure by ejecting him, specifically because she did not consult with Mayor Goodman regarding the issue and the City Council did not hold a vote regarding Stein's ejection. (*Id.*). Most pertinent to this case, Stein claims that Fiore ordered his objection due to the content of his speech. (*Id.*).

Stein now brings four claims against defendants: (1) a violation of his First Amendment right to freedom of speech; (2) a violation of his Fifth Amendment right to due process; (3) a violation of his Fourteenth Amendment right to equal protection; and (4) a violation of the Nevada Constitution's protection for liberty of speech. (*Id.* at 5-7).

Almost ten months after filing his complaint, Stein filed a motion to amend his pleading, which is the subject of the magistrate judge's report. (ECF No. 11). Stein seeks to amend the second cause of action in the complaint by changing the words "Fifth Amendment" to "Fourteenth Amendment." (*Id.* at 1).

Magistrate Judge Brenda Weksler issued a report and recommendation that this court should deny Stein's motion to amend his complaint. (ECF No. 21). Stein formulates two objections to the report: (1) good cause exists to allow him to amend his complaint and (2) granting leave to amend his complaint will not prejudice defendants. (ECF No. 22). This court adopts the magistrate judge's report and recommendation in full.

**II.     Legal Standard**

Magistrate judges are authorized to resolve pretrial matters subject to the assigned district judge's review. 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a) ("[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR

IB 1-3 . . . ."). The reviewing district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

The district court applies a "clearly erroneous" standard to the magistrate judge's factual findings, whereas the "contrary to law" standard applies to the legal conclusions. *See, e.g.*, *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). However, if a party files written objections to the report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

**III.    Discussion**

Having reviewed the record and report, this court holds that the factual findings are not clearly erroneous and these legal holdings are not contrary to law. Accordingly, save for a *de novo* review of plaintiffs' specific objections leading to the contrary, this court will adopt in full Magistrate Judge Weksler's report and recommendation denying Stein's motion to amend his complaint. (ECF No. 21).

To that end, Stein objects to two of the report's factual findings and both legal conclusions. Stein contends that Magistrate Judge Weksler erroneously concluded that Stein did not show good cause for the court to grant his request. (ECF No. 22 at 2-4). Stein himself raises the argument that amending his complaint will not prejudice defendants. (*Id.* at 4-5). The court will address each issue in turn.

A. <u>Undue delay and prejudice</u>

The court first addresses whether there is good cause to grant Stein's motion for leave to amend his complaint.

When the deadline to file a motion to amend a pleading lapses, the burden is on the movant to show that there is good cause for the court to grant him leave to amend. *See* Fed. R. Civ. P. 16(b)(4). Good cause "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The focus of the inquiry is upon the moving party's reason for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

Stein has shown a repeated lack of diligence. The deadline to file a second amended complaint was September 19, 2023. (ECF No. 10.). Stein filed the instant motion on January 4, 2024. (ECF No. 11). The report notes that "even after [d]efendants raised the issue in their opposition, [Stein] fails to argue why good cause exists to allow the late amendment." (ECF No. 21 at 2).

In his objection, Stein posits that he showed good cause by arguing that denying leave to amend would allow for his claim to be dismissed "on what appears to be a technicality." (ECF No. 22 at 2-3). Stein also cites a case from the District of Nevada in which the court ruled that "[j]ustice is better served when controversies are decided on their merits rather than procedural technicalities." *McGowan v. Credit Mgmt. LP*, No. 2:14-cv-00759-APG-VCF, 2015 WL 5682736, at *14-15 (D. Nev. Sept. 24, 2015).[1]

Stein's argument does not reference the correct legal standard applicable to a good cause analysis. As defendants correctly aver, carelessness is not compatible with a finding of diligence and offers no reason to grant an untimely request to amend. *See Johnson*, 975 F.2d at 609. Stein

---

[1] All of Stein's Westlaw citations are incorrect under the rules of the Bluebook, as each citation is missing the specific Westlaw number, thus burdening the court with the task of searching the individual docket to find each cited case. This is yet another example of Stein's lack of diligence.

fails to provide the court with a reason as to why he did not rectify the clerical error in his original complaint.

Here, there is no doubt that good cause does not exist, as there are no new relevant facts and the law has not changed since plaintiff filed his initial pleading. *See Millenkamp v. Davisco Foods, Int'l*, 448 F. App'x 720, 721 (9th Cir. 2011) (wherein the court denied leave because plaintiff conceded that the proposed amendment was not based on new facts).

B.  Prejudice to defendants

Prejudice to a defendant can provide a reason for the court to deny a motion to amend. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Here, defendants would suffer prejudice if the court were to grant Stein's motion.

As stated, *supra*, Stein filed his operative complaint in April of 2023, and the discovery cut-off date was December 18, 2023. (ECF No. 10 at 3). Moreover, the parties have briefed all dispositive motions in this matter. Allowing Stein to circumvent the deadline to amend his pleading would delay litigation and incur additional costs on defendants, all of whom have been fully compliant with the court's scheduling order. Furthermore, the parties would have to reopen discovery.

The court therefore finds that defendants would suffer prejudice if it were to grant Stein leave to amend his complaint. *See Coleman*, 232 F.3d at 1295 ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge

Weksler's report and recommendation (ECF No. 21) be, and the same hereby is, ADOPTED IN FULL.

IT IS FURTHER ORDERED that plaintiff Alexander Stein's motion to amend his complaint (ECF No. 11) be, and the same hereby is, DENIED WITH PREJUDICE.

DATED June 7, 2024.

_____
UNITED STATES DISTRICT JUDGE